Albert Greco, Plaintiff-Appellant, v. State Police Merit Board, L. F. Tomlinson, Chairman and Member of the State Police Merit Board, R. E. Yalden, Secretary and Member of the State Police Merit Board, General William H. Arnold, Member of the State Police Merit Board, and William H. Morris, Superintendent, Division of State Highway Police, Department of Public Safety of the State of Illinois, Defendants-Appellees.

Gen. No. 52,364.

First District, Fourth Division.

January 22, 1969.

Daniel A. Gallagher, of Chicago, for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole, Bernard Genis, and John

J. George, Assistant Attorneys General, of counsel), for appellees.

Kleiman, Cornfield & Feldman, of Chicago, for amicus curiae.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff filed an action in the Circuit Court seeking an administrative review of the decision of the State Police Merit Board discharging plaintiff as a Trooper on the Illinois State Police. The court affirmed the Board's decision and plaintiff appealed.

On appeal plaintiff's principal contentions are that Merit Board's denial of his demand for a Bill of Particulars and its refusal to order the production of pretrial written statements of witnesses who testified against him constituted prejudicial error and deprived him of a fair hearing.

**Proceedings Before the Merit Board**

On December 10, 1963, a complaint was filed with the Department of Public Safety, Division of State Highway Police, against the plaintiff, Trooper Albert Greco. The complaint alleges that respondent (plaintiff) "was guilty of one or more of the following acts, failures to act, courses of conduct, or things," and then proceeds to list seventeen items, two of which have five subparts, one of which has six subparts, and another of which has seventeen subparts. The complaint does not state any persons whom the alleged acts or failures to act affected, nor the times, dates or places where the acts were allegedly committed.

On November 19, 1964, the State Police Merit Board was informed that respondent had changed attorneys and was then being represented by Daniel A. Gallagher. On November 25, 1964, a demand for Production of

Written Statements was filed. Only the written statements of respondent were sent to his attorney.

On December 2, 1964, a demand for a Bill of Particulars was filed with the State Police Merit Board. On December 7, 1964, the hearing began and respondent's attorney renewed his demand for a Bill of Particulars and also made a motion to strike and dismiss because of the vagueness of the complaint. These were denied and the taking of evidence began.

During the cross-examination of petitioner's witnesses Victor Jackson, Dorris Howard Brooks and Walter J. Buczkowski, counsel for respondent elicited the fact that they had all given written statements to the Attorney General. Counsel for respondent then specifically demanded these statements and was refused, and the Board refused to direct the Assistant Attorney General to furnish such statements.

The State Police Merit Board rendered its decision as follows:

> We conclude, therefore, that respondent in participating in the receipt of kickbacks and the solicitation thereof, is guilty of violating the State Statutes concerning official misconduct, Chapter 38, Section 33–3, Illinois Revised Statutes of 1963, State Police rules and regulations "R–18" and those regulations pertaining to conduct, Articles VIII(d), IX(d), and XIV(f–1, 3, 4 and 7).
>
> 2. That irrespective of any rules and regulations of the Illinois State Police Force, the conduct of the respondent in soliciting and accepting kickbacks from tow service operators, demonstrates conduct which is unbecoming any State Police Officer and tends to bring the organization for which he works into disrepute.

Plaintiff was discharged from the State Highway Police Force as of November 15, 1963.

**Decision**

Plaintiff first contends that he deserves a new hearing before the Merit Board because he was not sufficiently apprised of the charges against him due to the vagueness of the original complaint and the refusal of the Merit Board to grant his request for a Bill of Particulars. The complaint before the Merit Board alleged that plaintiff was guilty of committing one or more of seventeen different "acts, failures to act, courses of conduct, or things" which violate one or more of thirty-two various statutes, oaths of office, rules and regulations, general orders or job descriptions. The complaint did not contain the names of any individuals against whom "acts, failures to act, courses of conduct, or things" were committed. Nor were there any times, dates, places or specific description of plaintiff's alleged misconduct.

 The State Highway Police Act in the section dealing with removal, demotion and suspension states:

> . . . the accused policeman shall be afforded *full opportunity* to be heard in his own defense and to produce proof in his own defense. Ill Rev Stats 1961, c 121, § 307.14. (Emphasis added.)

When a policeman is not sufficiently informed of the charges against him it becomes impossible for him to "produce proof in his defense"; and he certainly is not "afforded full opportunity" to do so. It is true that charges in an administrative proceeding need not be drawn with the same nice refinements and subtleties as pleadings in a court of record, but the charges must be sufficiently clear and specific to allow the preparation of a defense. Sudduth v. Board of Fire and Police Com'rs, 48 Ill App2d 194, 198 NE2d 705. We find that the complaint before the Merit Board did not sufficiently

apprise the officer of the charges and that action of the Board in denying his demand for a Bill of Particulars was reversible error.

██ ██ Plaintiff next argues that he was entitled to copies of the written pretrial statements of the opposition's witnesses. Since this question will undoubtedly come up on the rehearing before the Merit Board, 'we shall decide it. The State Highway Police Act quoted above demands that an accused officer be given "full opportunity" to be heard and produce proof. This has been interpreted to mean that he can, among other things, introduce his own witnesses and cross-examine opposing witnesses. Gigger v. Board of Fire and Police Com'rs, 23 Ill App2d 433, 439, 163 NE2d 541. It has been held that access to pretrial statements of opposition witnesses who testify is necessary for the adequate presentation of a defense in federal administrative proceedings, Communist Party of United States v. Subversive Activities Control Board, 254 F2d 314, 328; National Labor Relations Board v. Adhesive Products Corp., 258 F2d 403, 407–409. (See also Jencks v. United States, 353 US 657, a criminal case.) We can see every reason for requiring production of such items in state administrative proceedings as well, and can find no valid argument against such requirement. The function of the Merit Board may be basically investigative, but this is no reason to withhold information from an accused officer. Since the Board uses an adversary procedure to perform its investigation, a fair and unbiased result can obtain only if both adversaries are allowed to present a full case and are allowed to rebut the opposition. Depriving the defense of pretrial statements of opposition witnesses who testify greatly impairs such full presentation and rebuttal and obliterates the opportunity for meaningful cross-examination. Without access to such statements, the defense is unable to test the

memory, consistency, or veracity of the witnesses. In short, the best tool of cross-examination is denied the defense when pretrial written statements are withheld.

The judgment of the Circuit Court is reversed and the cause remanded to the Circuit Court with directions to return it to the State Police Merit Board for a new hearing consistent with this opinion.

Reversed and remanded.

McCORMICK and ENGLISH, JJ., concur.