VERYL GRAVES, d/b/a Blue Note Lounge, Plaintiff-Appellee, v. ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellant.

Third District   No. 77-91

Opinion filed December 30, 1977.

William J. Scott, Attorney General, of Chicago (Paul V. Esposito, Assistant Attorney General, of counsel), for appellant.

Leonard F. Sacks, of Bissonnette, Nutting, Thacker & Sacks, of Kankakee, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the State of Illinois Liquor Control Commission, hereinafter referred to as the Commission, from an order of the circuit court of Kankakee County which reversed the Commission's decision to revoke the liquor license of Veryl Graves, d/b/a Blue Note Lounge, hereinafter referred to as plaintiff.

The plaintiff Blue Note Lounge is the holder of a State retailers liquor license for the operation of a dram shop in Momence, Illinois. On September 26, 1975, the license holder was cited to appear before the Commission to show cause why his license should not be suspended or revoked and the pertinent charges against the licensee read as follows:

> "2) That on September 13, 1975, nine (9) arrests were made for illegal possession of alcohol by the following underage persons: Craig A. Barley, William D. Armstrong, Rae A. Purkey, Robert E. Lambert, John F. Wheeler, Dallas A. Laramore, Richard Herr, Deborah L. Symons, and Cindy S. Williams.
>
> 3) That on September 13, 1975, George E. Collett, Donna K. Holm and George E. Courthard were arrested for selling and delivering alcoholic liquors to under age persons.
>
> 4) That the aforesaid acts are violations of Section 131, Chapter 43, Illinois Revised Statutes 1973, and Rule 3(c) of the Liquor Control Commission Rules and Regulations.
>
> 5) That Section 185, Chapter 43, Illinois Revised Statutes 1973, provides that 'Every act or omission . . . constituting a violation of any of the provisions of this Act, by an officer . . . or other agent or employee of any licensee, shall be deemed and held to be the act of such employer or licensee. . .'.
>
> YOUR ARE FURTHER NOTIFIED that if the Commission finds the violations as charged, you will be required to show cause forthwith why your State Retail Liquor License should not be suspended or revoked for the reasons above alleged."

A hearing was had on October 27, 1975, at which time the plaintiff Veryl Graves, d/b/a Blue Note Lounge, appeared pro se. The Commission offered the testimony of three minors and three State troopers. The plaintiff elected not to testify in his own behalf. On October 30, 1975, the Commission revoked plaintiff's license for violation of section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1973, ch. 43, par. 131), which prohibits the sale or other delivery by a licensee, his agent or employee of alcoholic liquor to a person under 21 years of age or in the case of beer and wine to a person under 18 years of age.

On or about November 12, 1975, the plaintiff, represented by an attorney, filed a petition with the Commission requesting a rehearing. The plaintiff further by a motion filed with the Commission prayed that the use of the words "arrested" be stricken from the charges against him and in lieu thereof a factual basis be alleged which would support the revocation of a liquor license. The plaintiff's petition for rehearing was denied by the Commission on November 25, 1975, and he thereafter filed a complaint for administrative review in the circuit court of Kankakee County. On December 6, 1976, the circuit court filed a memorandum opinion and entered an order reversing the Commission's decision to revoke the plaintiff's license. The court specifically found that being arrested for the possession of alcohol by a minor or being arrested for selling alcohol to a minor does not violate section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1973, ch. 43, par. 131), or Rule 3.1(c) of the Rules and Regulations of the Illinois Liquor Control Commission, and therefore did not constitute grounds for the revocation of the plaintiff's license. The Rule 3.1(c) referred to by the trial court is a broad provision which provides that no licensee in the conduct of his licensed business shall suffer or permit a violation of any law of the State of Illinois, or any rules of the Commission.

The Commission in this appeal contends that the citation containing charges against the plaintiff was sufficiently specific to serve as a basis for the revocation of the State retailer's liquor license.

■■ The Commission argues that the trial court's interpretation of the charges contained in the citation is too narrow and that it is at odds with the law in that in administrative proceedings charges need not be drawn with the same refinement as required of pleadings in a court of law. We agree with the Commission that in administrative proceedings charges need not be drawn with the same refinements and selectivity as pleadings in a court of record but they must nevertheless be sufficiently clear and specific to allow the preparation of a defense. See *Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 245 N.E.2d 99.

■■ An examination of the charges against the plaintiff in the instant case discloses that certain individuals were arrested for possession of

alcohol because they were underage and certain others were arrested for selling and delivering alcoholic liquors to underage persons. We agree with the trial court that the thrust or the basis of the charges against the plaintiff was that certain persons were arrested for allegedly violating laws set forth in section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1973, ch. 43, par. 131). It is fundamental under our system of law that being arrested is no indication or proof of the fact that an individual is either guilty or not guilty of violating the law. The trial court in its memorandum opinion made a precise finding that being arrested for the possession of alcohol by a minor or being arrested for selling alcohol to a minor does not violate section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1973, ch. 43, par. 131). This finding by the court may at first blush appear to be startling, yet upon reflection such a finding is indeed correct, for being *arrested* is in no way tantamount to guilt. To hold otherwise would obviate the necessity of a trial or, as in the instant case, an administrative hearing.

The charges in the instant case contained no specificity as to the ages of the individuals arrested, whether or not alcoholic beverages were in fact consumed, or whether or not the parties who allegedly sold the alcohol were in fact agents of the licensee and whether the persons who were arrested did in fact commit the offenses for which they were arrested. It is the Commission's contention that the charges when interpreted in a common sense manner did allege conduct for which appropriate sanctions could be taken. We quarrel not with the utilization of a common sense interpretation of the charges against the plaintiff, for we are not desirous of disposing of questions of law by the use of technicalities, but neither can we permit one to be found guilty of statutory violations when the charges against the individual are not sufficiently clear to allow the preparation of a defense. See *Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 245 N.E.2d 99, and *Sudduth v. Board of Fire & Police Commissioners* (1964), 48 Ill. App. 2d 194, 198 N.E.2d 705.

It is the purpose of judicial review to keep administrative agencies within the judicial bounds prescribed by law and to guard the rights guaranteed by the constitution and by the statutes. (See *Curtis v. State Police Merit Board* (1953), 349 Ill. App. 448, 111 N.E.2d 159.) In the instant case the trial court in its memorandum opinion stated:

> "I find it difficult to believe that the Illinois Liquor Control Commission should be allowed to specify one charge, have a hearing and revoke on a charge that has not been specified. Such would be repugnant to any concept of a fair hearing.
>
> There is no acceptable reason why the commission cannot draft a citation that clearly charges a violation for which a license may be revoked when it is staffed with inspectors, prosecutors and has

access to the legal talents of the Attorney General's Office. This Court also notes that the record contains many judicial documents which apparently were neither marked or offered into evidence and as they do not appear to be properly part of the record this Court cannot consider them, but it wonders if such material does not also affect the ability of the Commission to give one a fair and impartial hearing."

■■ We are compelled to agree with the observations of the trial court and can only conclude that the safeguarding of the rights guaranteed to individuals by our constitution and by the statutes necessitated a reversal of the decision of the Commission revoking the license of the plaintiff.

■■ The Commission makes a further contention to the effect that its decision revoking plaintiff's liquor license was supported by substantial competent evidence. We deem this to be an alternate contention in that even though the charges against the plaintiff were not proper, his license should nevertheless be revoked because a revocation was supported by evidence adduced at the hearing. We find no merit to this contention since the evidentiary issue is not properly before this court since the trial court's ruling was specific and precisely limited as to whether the charges against the plaintiff were sufficiently clear and specific. As we have indicated we agree with the trial court that they were not. To attempt to consider and review the evidence adduced at a hearing which was commenced by charges so inadequate as to hamper the preparation of a defense would be an exercise in *reductio ad absurdum*.

For the reasons set forth the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.