This is an appeal from a judgment affirming an order of the Commissioner of Insurance revoking the agent's license of Bruno W. Parducci. We affirm.
Complaint was made to the Alabama Commissioner of Insurance against Mr. Parducci and his agency partner, Howell. Due notice of the complaint and of a hearing thereon was given to Parducci. The partner requested and received a continuance of the hearing upon the complaint against him. Parducci neither retained counsel nor requested continuance of the complaint against him. Upon the day of hearing he was summoned by telephone. He appeared and requested a continuance because he thought his case had been continued along with that of his partner. There were witnesses present against him who had come from considerable distance. The hearing commissioner denied a continuance, but gave him opportunity prior to the hearing to call an attorney and witnesses. He was given opportunity prior to presenting his defense to call witnesses, but did not do so. He testified at great length in his own behalf and questioned opposing witnesses.
The issues presented are stated in brief as three. In fact there is only one. That is, was procedural due process denied Parducci by the refusal of the examiner to grant a continuance?
One charged with an offense to be tried at an adjudicatory administrative hearing is entitled to procedural due process. Such due process includes adequate notice of the complaint against him and a reasonable opportunity to prepare a defense with assistance of counsel. Board of Educ. v. Kennedy, 256 Ala. 478, 55 So.2d 511 (1951). 33 A.L.R.3d 229.
Mr. Parduccci was served with a copy of the complaint against him on August 5. He was given notice that the complaint would be heard on August 25. He neither consulted counsel nor made any preparation for the hearing. A few days before August 25, he heard that the hearing of charges against his partner set for the same date and time as his own had been continued at the partner's request. He assumed, without inquiry, that the continuance applied to his own hearing. When the hearing was convened on August 25, Mr. Parducci had already been extended the required constitutional due process. He had notice of the charge and day of hearing and ample opportunity to retain counsel and prepare a defense. The fact that he had not prepared a defense and obtained counsel was due to his own negligence and failure. *Page 1025 
The denial of a continuance was a matter within the discretion of the hearing commissioner. State v. Alabama Pub.Serv. Comm'n, 293 Ala. 553, 307 So.2d 521 (1975). There is nothing in the record to support a claim of an abuse of that discretion. We must therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.