DAVID SECREST, Plaintiff-Appellee, *v.* THE DEPARTMENT OF CORRECTIONS *et al.*, Defendants-Appellants.

Second District   No. 77-37

Opinion filed September 29, 1978.

William J. Scott, Attorney General, of Chicago (Robert G. Epsteen, George W. Lindberg, and Paul J. Bargiel, Assistant Attorneys General, of counsel), for appellants.

Douglas R. Engel and Charles H. Iskowich, both of Cliffe & Engel, of DeKalb, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, David Secrest, was granted a hearing before the Civil Service Commission on discharge proceedings which had been initiated against him as a supervisor at St. Charles Youth Center. The hearing officer found cause for the discharge and plaintiff filed a complaint for administrative review. The circuit court reversed the hearing officer and the appeal is taken from that order.

Department of Corrections Rule 510 prohibits corporal punishment, which is defined to include any act intended to result in physical pain; it also forbids forcibly laying hands on a youth other than in self defense, preventing escape, or gaining control of the youth. The incident which gave rise to plaintiff's discharge for allegedly violating this rule occurred when two boys, who had escaped from the youth center, were apprehended by the police. Plaintiff and other employees of the Youth Center came to where they were captured and were to take custody of the boys. Plaintiff approached one of the handcuffed boys and asked for information about other escapees. In so doing, he grabbed the boy by the lapels and allegedly struck him on the face with a flashlight. Testimony conflicted as to whether the flashlight accidentally brushed against the boy's face or was swung at him; plaintiff denied both swinging the flashlight at the boy and striking him with it. The hearing officer found that the boy was struck either intentionally or while plaintiff was forcibly laying hands on him without the stated justifications.

■■■ Plaintiff urges, in part, that he was denied due process because the charge failed to meet the requirements of Civil Service Commission rules that the charge include a specific statement of facts and that it also include dates, places, and names of persons. We disagree. The charge against plaintiff is as follows:

> "In violation of Administrative Regulation #510 of the Juvenile Division, Department of Corrections, the employee did administer corporal punishment to a youth by slapping him across the face (allegedly with a flashlight)."

Although a person must be reasonably apprised by a complaint of the case against him so that he will be able to intelligently prepare his defense, charges filed before an administrative agency need not be drawn with the refinements and subtleties of pleadings before a court. (*Schyman v. Department of Registration & Education* (1956), 9 Ill. App. 2d 504, 133 N.E.2d 551.) The failure here to include dates, places and names of persons is hardly laudable, but the record indicates that plaintiff was adequately apprised of the nature of the charge against him and was able

to structure his defense to that charge. Depositions and discovery provided plaintiff with considerable information regarding the charge and any remaining doubt could have been disposed of by requesting a bill of particulars. *Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 245 N.E.2d 99.

Plaintiff also contends that he was denied due process because his discharge was based on acts which were not part of the charge. The Director of the Department of Corrections, Allyn Sielaff, testified at the Civil Service Commission hearing on plaintiff's dismissal. Sielaff testified, *inter alia*, that his decision to dismiss plaintiff was based in part on memoranda in plaintiff's personnel file which related to prior incidents in which plaintiff had been involved with students but which had resulted in no disciplinary action against plaintiff; that but for the incidents described in the memoranda he would have given plaintiff a 10-day discharge; that he took it upon himself to be "judge and jury" based upon a two-year-old incident; that plaintiff had a fine performance record, basically good or better than good; that plaintiff was originally informed he was to be suspended for 10 days, but that the decision was changed when documents beyond an investigative report were considered; and that hitting a handcuffed correctional resident across the face with a flashlight could be grounds for dismissal in itself.

The superintendent of the youth center at the time of the prior incidents and the present incident, Alfred Buscher, testified that he conducted an investigation of the earlier incidents and concluded that no action against plaintiff was called for; and that he did not write up anything about the present incident because there was no report of injury. He was present during the incident and did not see plaintiff strike the boy, although he did see plaintiff grab him.

In our opinion the consideration of testimony about prior unrelated incidents could only serve to color the outlook of the hearing officer and encourage her to conclude that plaintiff was a man given to attacks on residents of the Youth Center and who therefore should be dismissed for the earlier events, even if he were arguably not guilty of the present charge. Under these circumstances the due process requirements of a fair and impartial hearing before a fair and impartial tribunal could not be met. The initial decision to dismiss was also colored by the previous incidents because Director Sielaff admitted that his decision to dismiss plaintiff on the present charge was based in part on the earlier events, for which no charges had been entered.

■■■ Consideration of evidence relating to these events denied plaintiff his due process rights to confront and cross-examine witnesses against him in regard to those events. Admission of such incompetent evidence does not compel us to conclude that plaintiff was denied due process;

failure to observe the technical rules of evidence is not sufficient reason to reverse an agency's decision unless the error materially affects the rights of a party and results in substantial injustice to him. (*Lloyd A. Fry Roofing Co. v. Pollution Control Board* (1974), 20 Ill. App. 3d 301, 314 N.E.2d 350.) However, it is our view that considering the case as a whole, plaintiff was prejudiced by the improper admission of this evidence to the degree that it constituted a denial of his right to due process. Because of the nature of this decision, we need not reach the other issues raised by appellant. For the reasons stated, we affirm the trial court's decision to reverse the Department of Corrections.

Affirmed.

RECHENMACHER and NASH, JJ., concur.