378 So.2d 685 (1979)
The MEDICAL SERVICES ADMINISTRATION of the State of Alabama et al.
v.
Henry Patrick DUKE et al.
78-45.
Supreme Court of Alabama.
September 28, 1979.
Rehearing Denied December 7, 1979.
*686 Charles A. Graddick, Atty. Gen., Joseph M. Carlton, Jr., Asst. Atty. Gen., for appellants.
Nicholas T. Braswell, III, Montgomery, for appellees.
PER CURIAM.
The issue before us on this appeal is whether the trial court erred in determining that the administrative hearing of November 22, 1977, as reconvened on November 29, 1977, was unconstitutionally conducted and of no effect and, in determining that Duke was due to be reinstated as a "Medicaid provider." We conclude that the trial judge did not err and that his judgment should be affirmed.
Specifically, the trial judge concluded that Duke was not given adequate notice of the "fair hearing," was not adequately informed of the charges made against him, was denied the opportunity to fully cross-examine the witnesses against him, and was not allowed to see or examine documentary evidence used against him.
We need only consider the first finding of the trial court, namely, whether Duke was given adequate notice of the "fair hearing" in order to satisfy the requirements of due process. We agree with the trial court that Duke was not given adequate notice of the "fair hearing" and was not adequately informed of the charges made against him.
It is, of course, well-settled law in this jurisdiction that due process must be observed by all boards, as well as by all courts. State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823 (1968); Katz v. Alabama State Bd. of Medical Examiners, 351 So.2d 890 (Ala.1977). "Procedural due process in this respect requires at a minimum an orderly proceeding appropriate to the case or adapted to its nature, just to the parties affected, and adapted to the ends to be attained; one in which a person has an opportunity to be heard, and to defend, enforce, and protect his rights before a competent and impartial tribunal legally constituted to determine the right involved; representation by counsel; procedure at the hearing consistent with the essentials of a fair trial according to established rules which do not violate fundamental rights, and in conformity to statutes and rules, conducted in such a way that there will be opportunity for a court to determine whether the applicable rules of law and procedure were observed; revelation of the evidence on which a disputed order is based and opportunity to explore that evidence, and a conclusion based on the evidence and reason. * * *" 2 Am.Jur.2d, Administrative Law, § 353, quoted with approval in Katz v. Alabama State Bd. of Medical Examiners, supra.
To like effect is the Court of Civil Appeals' decision in Parducci v. Payne, 360 So.2d 1023 (Ala.Civ.App.1978), where it was held that "one charged with an offense to be tried at an adjudicatory administrative hearing is entitled to procedural due process. Such due process includes adequate notice of the complaint against him and a reasonable opportunity to prepare a defense with assistance of counsel." 360 So.2d at 1024.
It is contended by Medical Services Administration that the following letter comports with an adequate notice of a "fair hearing," viz:

"October 20, 1977

"CERTIFIED MAIL "Mr. Henry Patrick Duke Duke Drug Center 121 North Street Talladega, Alabama 35160 "Dear Mr. Duke:
"I am in receipt of information which substantially reflects apparent abuse of the Alabama Medicaid Program by Duke Drug Center. This information indicates that comparison of numerous original prescriptions and drug drafts submitted *687 by your pharmacy to Medicaid for these prescriptions disclosed that your pharmacy billed Medicaid for drugs other than those dispensed or identified on the prescription. This information further indicates that this abuse resulted in an overcharge to the program for non-valid charges.
"Because of the substantial evidence supporting your abuse of the Medicaid Program, I am offering you a fair hearing to determine whether you should be terminated as a Medicaid provider. The hearing has been scheduled for Wednesday, November 9, 1977, at 1:30 p. m. in the Medical Services Administration Conference Room located in Building 1 at 2500 Fairlane Drive, Montgomery, Alabama. Your failure to respond to this offer of a fair hearing within fourteen days after the date of this letter will indicate that you do not wish a fair hearing, and you will be terminated as an Alabama Medicaid provider without further action.
"If you do accept the offer of a fair hearing, you are expected to be present at the scheduled time. You may have legal representation to assist you, call witnesses in your behalf, and introduce documentary material. You are also permitted to examine material pertinent to the case at the offices of Medical Services Administration between the hours of 8:00 a. m. and 5:00 p. m. and/or at the time of the hearing.
"If you indicate your desire for a fair hearing, the hearing officer will prepare a written report of the proceedings to include his findings and recommendation. I will use this record in reaching a decision. You will receive written notification of my decision on the action to be taken.
"Regards, "Jack E. Worthington (signature) "Jack E. Worthington, Commissioner "Medical Assistance "JEW:STH:kt "cc: Sam T. Hardin, R. Ph."
We cannot agree that this letter constitutes adequate notice of a "fair hearing," a concomitant of "procedural due process."
The evidence shows that Duke had issued some 15,000 Medicaid prescriptions in the two fiscal years 1976 and 1977. According to the testimony, Medical Services Administration had examined and reviewed approximately 180 prescriptions and determined that some 170 were "extremely suspect." Of these latter, approximately 10 or 15 were "selected" for presentation at the fair hearing.
Surely, at a minimum, notice of a "fair hearing" should have accorded this plaintiff some indication of the specific prescriptions, dates, and amounts, which Medical Services Administration contended constituted Medicaid fraud or double billing. Even the hearing examiner Mr. Robert Crumpler stated, just prior to beginning the examination of the first witness, "I really don't know what you are charged with either. . . Mr. Duke . . . ."
In State v. Becker, 326 Mo. 1193, 34 S.W.2d 27 (1930) the Missouri Commission of Securities sought a hearing to revoke Becker's securities license. In prohibiting the hearing because of lack of "reasonable notice," the Missouri Supreme Court held, viz:
"The notice is a double-barreled effort. It orders the production of books and papers and orders relators to show cause why their licenses should not be revoked under section 23 for causes named in paragraphs 1, 3, and 5 of said section. It contains no charges, and the commissioner did not furnish such information. How could they show cause without official information as to the charges? A hearing presupposes the existence of charges. There could be no hearing without charges. Therefore, it seems clear that the Legislature intended `reasonable notice' to include information as to the charges. If the words `reasonable notice' as used do not include such information, then the section is in violation of the due process clause of the Constitution." [Citations omitted.]
To like effect is Greco v. State Police Merit Board, 105 Ill.App.2d 186, 245 N.E.2d *688 99 (1969). There, a state trooper filed an action in circuit court seeking an administrative review of the decision of the State Police Merit Board discharging him from the Illinois State Police. The lower court affirmed the Board's decision. The appellate court reversed, holding:
"[T]he complaint before the Merit Board alleged that plaintiff was guilty of committing one or more of seventeen different `acts, failures to act, courses of conduct, or things' which violate one or more of thirty-two various statutes, oaths of office, rules and regulations, general orders or job descriptions. The complaint did not contain the names of any individuals against whom `acts, failures to act, courses of conduct, or things' were committed. Nor were there any times, dates, places or specific description of plaintiff's alleged misconduct.
The State Highway Police Act in the section dealing with removal, demotion and suspension states:
`* * * the accused policeman shall be afforded full opportunity to be heard in his own defense and to produce proof in his defense.' Ill.Rev. Stat., 1961, ch. 121, § 307.14. [Emphasis added.]
When a policeman is not sufficiently informed of the charges against him it becomes impossible for him to `produce proof in his defense'; and he certainly is not `afforded full opportunity' to do so. It is true that charges in an administrative proceeding need not be drawn with the same nice refinements and subtleties as pleadings in a court of record, but the charges must be sufficiently clear and specific to allow the preparation of a defense. Sudduth v. Board of Fire & Police Com'rs, 48 Ill.App.2d 194, 198 N.E.2d 705. We find that the complaint before the Merit Board did not sufficiently apprise the officer of the charges and that action of the Board in denying his demand for a Bill of Particulars was reversible error."
Thus, as the Missouri Supreme Court and the Illinois appellate court concluded, we conclude here, there was a total lack of specificity in the so-called adequate notice of the fair hearing.
But, Medical Services Administration contends that whether the written notice was adequate or not, there was oral notification of the charges against Mr. Duke which did supply the requirements of adequate notice, citing NLRB v. Roure-DuPont Mfg., 199 F.2d 631 (2d Cir. 1952). The answer to this contention is twofold. First, in that case the board, and the court, found as a matter of fact that effective oral notification of the charges against Roure-DuPont had been given. Second, the trial court in the case at bar found just the opposite.
We have carefully examined the record and find that there were factual disputes between Mr. Braswell and Mr. Carlton, Duke's attorney and Medical Services Administration's attorney, respectively, as to whether Mr. Braswell had been given copies of Medical Services Administration's exhibits upon which it would rely at the hearing and as to whether he had been told what Medical Services Administration's theory of its case was. Under the ore tenus rule the resolution of these differences was for the trial court.
In sum, we find that the trial court should be affirmed on his finding and conclusion that the letter of October 20, 1977, did not constitute due process in that it did not sufficiently or adequately inform Duke of the charges against him in order to enable him to prepare his defense. Resolution of this issue was a matter of law which addressed itself to the trial court. As to the question of whether there was adequate oral notification of the charges sufficient to supply deficiencies of the letter, the trial court's finding on this disputed issue must also be affirmed, under the ore tenus rule. We do not find the trial court's finding to be clearly and palpably erroneous. Terry v. Buttram, 368 So.2d 859 (Ala.1979).
In view of the result we reach, it is unnecessary that we consider the other contentions as to whether Duke was denied opportunity to fully cross-examine witnesses *689 against him and whether he was properly denied the right to see certain documentary evidence.
It may be that our affirmance does not preclude the administrative agency from further proceedings in this cause. See 2 Am.Jur.2d, Administrative Law, § 765, p. 665; Katz v. Alabama State Board of Medical Examiners, supra. We do not decide that issue now.
AFFIRMED.
BLOODWORTH, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX and FAULKNER, JJ., dissent.
FAULKNER, Justice (dissenting).
I dissent. The majority, by affirming the Circuit Court of Montgomery County reinstating Henry Patrick Duke and Duke Drug Center as Medicaid providers, misapplies constitutional principles of procedural due process in administrative hearings.
From 1970 to October, 1977, the Medical Services Administration (MSA) utilized the Medicaid Pharmacy Draft System to provide prescription drugs to Medicaid recipients. Under that system retail drug stores, such as Duke Drug Center, which had a contract with MSA were reimbursed for drugs on an approved Medicaid list which were dispensed pursuant to a doctor's prescription and received a fixed dispensing fee less a small sum paid by the Medicaid recipient. The drafts, submitted for MSA approval, contained the appropriate drug number, recipient's name and number, number of pills dispensed, pharmacist's signature and identification number, and recipient's signature. MSA regulations did not allow a pharmacist to charge for larger quantities or different drugs than the doctor prescribed. Quantities or types of drugs prescribed were not to be arbitrarily changed by a drug provider except as authorized either by the prescribing doctor or by the MSA committee in Montgomery.
Computer exception print-outs indicated Duke Drug Center had billed in duplicate or charged MSA twice for the same service. A complaint was filed in early June, 1977, with the Program Integrity Section of MSA. That section then followed up the complaint by sending investigators to conduct an on-site review in Duke's place of business. As a result of two such inspections, a search warrant was issued in Talladega County to obtain additional pharmacy drafts.
On October 20, 1977, Jack Worthington, Commissioner of Medical Assistants, sent Patrick Duke the letter notice provided for in the MSA regulations informing him of the offer of a fair hearing to determine whether he should be terminated as a Medicaid provider because of alleged abuses found in the inspections. Duke requested a fair hearing which was begun on November 22, 1977, before Robert Crumpler, hearing officer, and was reconvened on November 29, 1977. Prior to that hearing, Duke's attorneys had examined every transaction to be considered at the hearing and received copies of all evidence expected to be presented. After hearing testimony and receiving exhibits, Mr. Crumpler submitted findings and a recommendation that Duke Drug Center and Patrick Duke be terminated as a pharmacy provider. The recommendation was approved by Commissioner Worthington. An appeal was taken by Duke from the fair hearing to the Provider Termination Appeals Committee who reviewed the record and upheld the hearing officer as to Duke's termination.
On June 14, 1978, Duke filed a complaint in Montgomery County Circuit Court requesting declaratory and injunctive relief to overturn the decision of the Commissioner of MSA that Duke had abused the Medicaid program and was thus terminated as a Medicaid provider. After a hearing without a jury, the trial judge determined that Duke was not given adequate notice of the fair hearing, and was not adequately informed of the charges against Duke Drug Center and himself, that the administrative hearings were unconstitutionally conducted, and that Patrick Duke and Duke Drug Center should be reinstated as Medicaid providers. *690 The majority agrees and affirms the trial court.
MSA asserts on appeal that Duke was given adequate notice of the charges against him by the letter of October 20, 1977, a review and copies of evidence to be presented and oral communications concerning MSA's contentions. They also contend that the trial court erred in declaring the administrative hearing unconstitutionally conducted because cross-examination was limited and certain written statements in possession of the State were not made part of the record of the administrative proceeding.
Notice in an administrative hearing sufficient to meet the requirements of procedural due process has been furnished if the party proceeded against understood the issues involved and was given a full opportunity to justify his conduct. Golden Grain Macaroni Co. v. Federal Trade Commission, 472 F.2d 882 (9th Cir. 1972), cert. den. 412 U.S. 918, 93 S.Ct. 2730, 37 L.Ed.2d 144 (1973); White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (1971); Department of Revenue v. JAMB Discount, 13 Ill.App.3d 430, 301 N.E.2d 23 (1973). Nothing in the record shows that Duke did not understand the issues. He was given an opportunity to justify his conduct. The charges set forth in the pleadings must be sufficiently clear and specific to allow the preparation of a defense. Greco v. State Police Merit Board, 105 Ill. App.2d 186, 245 N.E.2d 99 (1969). Adequacy of the notice furnished will vary with the circumstances of each case. Bernstein v. Board of Education of Prince George's County, 245 Md. 464, 226 A.2d 243 (1967). Deficiencies in the pleading submitted for an administrative hearing may be cured by informal communication, by formal amendment, by a bill of particulars, by pre-hearing conferences, or by ample continuances at the hearing. K. Davis, Administrative Law Text ¶ 8.04 at p. 149 (1957).
Patrick Duke was sent a letter, dated October 20, 1977, by Commissioner Worthington of MSA, which stated in part:
"This information [in the Commissioner's possession] indicates that comparison of numerous original prescriptions and drug drafts submitted by your pharmacy to Medicaid for these prescriptions disclosed that your pharmacy billed Medicaid for drugs other than those dispensed or identified on the prescription. This information further indicates that this abuse resulted in an overcharge to the program for the non-valid charges."
This letter notice, required by MSA regulations, was sufficient to notify Duke that the issue to be contested at the fair hearing was whether or not he had billed Medicaid for drugs other than those dispensed or identified on the prescription. Mr. Duke indicated subsequently in his testimony in the circuit court that he understood MSA procedure for dispensing drugs and that a pharmacist could not charge Medicaid for amounts of or types of drugs that a doctor did not prescribe. One of Mr. Duke's attorneys and an attorney for and representatives of MSA met several weeks prior to the hearing and at that time MSA's contentions and copies of the prescriptions and drafts to be used at the fair hearing were presented to Duke's attorney. There was testimony in the circuit court that the discrepancies between the Medicaid drafts and the doctors' prescriptions had been pointed out to Duke's attorney prior to the fair hearing and that the attorney appeared to understand MSA's contentions. The requirements of procedural due process were complied with by the MSA in the fair hearing in question.
Furthermore, MSA's letter notice along with provision of material evidence to be used by MSA at the fair hearing have been held to comply with due process requirements. In Robinson v. Worthington, No. 77-487-N (M.D.Ala., Mar. 13, 1978), letter notice to Dr. Robinson of his alleged overutilization of Medicaid claims and thus possible dismissal as a Medicaid provider, along with provision with the material evidence to be used against the doctor and information that a certain witness would be called to testify on the reports to be offered, were furnished to Dr. Robinson. The U. S. District Court concluded as a matter of law that due process was met.
*691 The range of cross-examination and requirements for the production of witness statements in an administrative hearing are not the same as in a trial. Wide latitude is allowed in the admission of evidence in administrative proceedings. See, Matter of Protest of Miller, 88 N.M. 492, 542 P.2d 1182, cert. den. sub nom. Dale Bellamah Land Co., Inc. v. County Assessor of Bernalillo County, 89 N.M. 5, 546 P.2d 70 (1975). In Reilly v. Pinkus, 338 U.S. 269, 276, 70 S.Ct. 110, 114, 94 L.Ed. 63 (1949), the Supreme Court stated: "The power to refuse enforcement of orders for error in regard to evidence should be sparingly exercised. A large amount of discretion in the conduct of a hearing is necessarily reposed in an administrative agency."
The hearing officer limited the cross-examination of an MSA investigator, Jim Mustrove, regarding certain witness statements used to obtain the search warrant in Talladega County on the ground of relevance. He refused to require MSA to produce as additional exhibits those witness statements because they were outside the scope of the exhibits originally agreed to be the bases of the hearing and contained nothing substantially different from the 14 exhibits the Duke attorneys were allowed to see and cross-examine on. In view of the large amount of discretion regarding admission of evidence in an administrative hearing, the circuit court should not have held that the hearing was unconstitutionally conducted because cross-examination was limited and certain witness statements were not made a part of the record.
The majority affirms primarily because of the ore tenus rule. This is not an ore tenus case, in its strict sense. Notice was a question of law. In my opinion in this case, notice was sufficient, and Duke was not denied due process. This Court should not hold an administrative hearing to the strict standards applied to a judicial hearing.
The judgment of the circuit court should be reversed. Duke should be terminated from the Medicaid program.
TORBERT, C. J., and MADDOX, J., concur.