ROBERT BURNS *et al.*, Petitioners-Appellants, *v.* THE POLICE BOARD OF THE CITY OF CHICAGO, Respondent-Appellee.

First District (2nd Division)    No. 80-3098

Opinion filed March 2, 1982.

Dennis M. Fleming, of Chicago (John F. Fleming, of counsel), for appellant Robert Shanahan.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE DOWNING delivered the opinion of the court:

Appellants Robert Burns and Robert Shanahan were separated from their positions as Chicago police officers after hearings were held by appellee Police Board of the City of Chicago (the Board). Burns and Shanahan filed a complaint for judicial review of this administrative decision in the circuit court of Cook County. The circuit court eventually affirmed the administrative determination. Burns and Shanahan appealed. Burns' appeal was dismissed by this court for failure to file an appearance or an appellant's brief. Shanahan's appeal is presently before the court.

Shanahan argues (1) he was denied due process at the administrative level because the charges and specifications filed by the Board were vague and ambiguous and because the hearing officer denied a motion for a bill of particulars; (2) he was denied due process when, although no member of the Board was present at any hearing, the Board's decisions were taken as *prima facie* correct by the court; (3) the Board lost jurisdiction over him when it failed to set a date for a hearing upon remand within the time limits allegedly applicable; and (4) the Board's decision was against the manifest weight of the evidence.

Since we are no longer concerned with the evidence which relates to Burns, the following brief summary of the facts focuses upon the Board's case against Shanahan. On October 31, 1978, the police superintendent of Chicago filed charges with the Board against Shanahan. The latter received a copy of the allegations, which charged him with violation of three rules of conduct of the Chicago Police Department.[1] The specifications attached to the charges stated that on July 14, 1978, Shanahan did:

"stop and search and solicit and accept a bribe from aliens by threat of use of their office * * *." (Rule 2.)

"use their official position as police officers to obtain a sum of money from aliens." (Rule 4.)

"falsely state their location to the Communications Operators at approximately 2256 hours." (Rule 14.)

Also attached to the charges was a list of civilian and police witnesses and

---

[1] The rules of conduct state:

"Rule 2: Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department."

"Rule 4: Any conduct or action taken to use the official position for personal gain or influence."

"Rule 14: Making a false report, written or oral."

their addresses. The Board reserved the right to call these witnesses at a hearing. Shanahan was also suspended for 30 days.

Hearings on these charges commenced on December 21, 1978, before a hearing officer appointed by the Board. Several civilians testified to a July 14, 1978, occurrence. Essentially, their testimony related that Romulo Bahena, a Spanish-speaking noncitizen of the United States, was stopped by two Chicago police officers and requested to tender $35 ($40 was given) in order to prevent his arrest. The various witnesses testified that the event took place between 9:30 and 11 p.m. on that date. None of the witnesses positively identified Shanahan as one of the officers. Two witnesses did identify Burns. Two witnesses stated the officers were driving squad car 7481. A police officer testified that Burns and Shanahan were partners on July 14, 1978, and that they were assigned squad 7481.

Also testifying were several other policemen. Two officers who worked as partners on that night related how Shanahan and Burns had assisted in the arrest of offenders in a nonrelated incident, which occurred near 11 p.m. at a scene a few miles from the site of the alleged shakedown. Two other policemen related how they had been identified in a lineup as the policemen who had taken the money. These identifications were made on July 17, 1978, by several of those civilians who testified at the hearing. (These officers were not in fact under any suspicion.)

Shanahan testified concerning his whereabouts at 10:30 p.m. and after on July 14, 1978. His testimony largely concerned his and Burns' participation in the arrest of offenders which had been testified to by other officers. He also stated he had driven the squad car most of the shift on July 14, 1978. Burns was his partner that night.

On May 2, 1979, the Board found Shanahan guilty of the charges against him and ordered his separation from the Chicago police force. He filed a complaint for judicial review of this decision. At the hearing before the circuit court, the court stated its concern that Shanahan had not had the opportunity to present a complete defense since he was not informed in the charges the time at which the alleged bribe-taking occurred. Consequently, the court remanded the case to the Board to allow presentation of evidence of Shanahan's activities on July 14 from 7 p.m. onward.

On remand, Shanahan requested a bill of particulars on the charges. This was the first such request. The hearing officer denied the request. Testimony was taken from a policeman who was assigned to investigate complaints against Shanahan. Four separate persons had lodged complaints involving four separate shakedowns which allegedly occurred on July 14. The officer interviewed Shanahan, investigated the complaints, and recommended charges be entered on all four incidents. The recom-

mendations were rejected by his superiors except for that complaint which serves as the basis of the present case.

Shanahan testified on remand as to his activities between 7:30 p.m. and the end of his shift at midnight on July 14. Also introduced into evidence was a transcript of radio calls made by Shanahan's squad car on July 14. We note that Shanahan was off the air for lunch from 9:44 to about 10:19 p.m.

Taking the new evidence with the previously obtained record, the Board again ruled that Shanahan should be terminated. The circuit court affirmed this decision.

I

Shanahan contends he was denied due process because the charges and specifications against him were vague and ambiguous and because the hearing officer denied his request for a bill of particulars.

Charges in an administrative proceeding need not be drawn with the same precision required of pleadings in judicial proceedings. They must, however, be sufficiently clear and specific to allow preparation of a defense. Due process requires a definite charge, adequate notice, and a full, fair and impartial hearing. *Giampa v. Illinois Civil Service Com.* (1980), 89 Ill. App. 3d 606, 611, 411 N.E.2d 1110, *appeal denied* (1981), 82 Ill. 2d 584.

■■ We believe that the charges concerning Shanahan's alleged violation of rules of conduct 2 and 4 fail to meet this lenient pleading standard. Examination of the charges shows that Shanahan was informed only of the date of the alleged wrongful actions, and was given only a vague description of his alleged transgression: he took "a bribe" or "a sum of money" from "aliens." Nowhere do the charges state the location of the alleged occurrence, a time frame in which such took place, or the name or description of the victim. Shanahan was left to speculate as to what segment of his 9-hour tour of duty was involved. We conclude that these pleadings wholly fail to meet even the minimal standards required in the administrative arena. See *Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 245 N.E.2d 99, *appeal denied* (1969), 40 Ill. 2d 580.

■■ Additionally, the hearing officer committed reversible error in failing to allow Shanahan's belated request for a bill of particulars. While we do not condone the lax defense maneuvers of Shanahan in waiting to make such a request until the administrative pleadings had been completed *and* circuit court review had resulted in remand for further administrative action, we find no basis which would warrant denial of this reasonably based, albeit late, request. The hearing officer should have granted Shanahan's entreaty.

Because of these inadequacies in the proceedings, we must reverse the Board's decision to terminate Shanahan and remand the case to the Board for such proceedings it deems warranted which are consistent with this discussion.[2]

## II

In light of our decision to reverse and remand, we need address the remaining issues only to the extent they might affect any further proceedings which may ensue.

Shanahan argues he was denied due process when the circuit court applied the presumption that the Board's findings of fact were *prima facie* correct (Ill. Rev. Stat. 1979, ch. 110, par. 274), despite the fact that no Board member attended the hearings or heard any evidence first hand.

■■ The principal constitutional requirement in this area of administrative law is that the decision-maker must consider and appraise the evidence in reaching his determination. (*Morgan v. United States* (1936), 298 U.S. 468, 481-82, 80 L. Ed. 1288, 56 S. Ct. 906; see also *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 247-48, 194 N.E.2d 89, *cert. denied* (1964), 376 U.S. 969, 12 L. Ed. 2d 84, 84 S. Ct. 1136; *Lloyd A. Fry Roofing Co. v. Illinois Pollution Control Board* (1974), 20 Ill. App. 3d 301, 310-11, 314 N.E.2d 350, *cert. denied* (1975), 420 U.S. 996, 43 L. Ed. 2d 679, 95 S. Ct. 1438.) Shanahan makes no claim that the Board did not consider the evidence adduced by the hearing officer. There is no valid reason to reject the above-noted presumption in this case, nor is there any valid basis for denying the Board the option of relying upon hearing officers to take evidence in such circumstances. Shanahan was deprived of no rights through the use of this procedure.

## III

■■ Shanahan asserts the Board lost jurisdiction over the case when it failed to set a date for rehearing within six weeks of the circuit court's remand order. Shanahan claims that the Board's failure to so act violated a rule of the Department of Personnel of the City of Chicago, City of Chicago Personnel Board Rule 16, section 4(b), which requires hearings on discharge be set within six weeks of notice of disciplinary action.

We reject this argument. The applicable section of the Municipal Code of Chicago which establishes the Department of Personnel explicitly states, "[t]his ordinance shall not apply nor have any effect upon the Police Board * * * or its powers and duties as set forth in * * * Section

---

[2] In remanding the case, we make no determination upon the question of whether some type of limitations theory (such as a statute of limitations) could serve to bar further proceedings against Shanahan, as this matter was not raised or briefed by either party to this appeal.

10—1—18.1 * * * of the Illinois Municipal Code [Ill. Rev. Stat. 1977, ch. 24, par. 10—1—18.1]." (Chicago Mun. Code 1977, ch. 25.1, §25.1—13.) A rule enacted by the *Personnel* Board of Chicago is not applicable to the proceedings held by the *Police* Board of Chicago pursuant to powers granted by State law.

## IV

Finally, Shanahan claims the Board's decision is against the manifest weight of the evidence.

■■ We make no ruling upon this issue in relation to the evidence supporting charges 2 and 4, the alleged shakedown. Our reversal of the Board's decision and our remand order adequately dispose of that matter. We do, however, deem it necessary to reach this issue as regards the alleged violation of Rule 14, falsely stating a location. A review of the evidence, especially the transcript of the radio broadcasts made from Shanahan's car at the time in question (10:56 p.m. on July 14, 1978), indicates Shanahan was at a scene finishing up his activities related to the arrest of offenders involved in a car theft. There is no substantive evidence of record indicating Shanahan was elsewhere at that time. In its appellee's brief, the Board argues in support of its finding by stating the evidence shows Shanahan failed to notify the police operator that he would not be undertaking an activity which he had previously reported he would be doing. We consider this evidence irrelevant to the charge levied against Shanahan, falsely reporting his *location*. There is no support for the Board's finding that Shanahan violated Rule 14. Consequently, the finding of a violation as to Rule 14 is reversed.

For the foregoing reasons, the Board's decision to terminate Shanahan's employment with the Chicago Police Department is reversed. The matter is remanded for such further proceedings pertaining to Rules 2 and 4 as the Board deems warranted within the parameters of this opinion.

Reversed as to Rule 14; reversed and remanded with directions as to Rules 2 and 4.

PERLIN and HARTMAN, JJ., concur.