(Nos. 37858, 37859 Cons.— ▓▓▓▓▓▓▓▓)

CERMAK CLUB, INC., Appellant, *vs.* ILLINOIS LIQUOR CONTROL COMMISSION, Appellee.—(FROLIC'S, INC., Appellant, *vs.* Same Appellee.)

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

GEORGE M. CRANE, of Chicago, (MORRIS G. MEYERS, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, EDWARD A. BERMAN, and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Illinois Liquor Control Commission revoked the liquor licenses of Cermak Club, Inc., and Frolic's, Inc., upon findings that each of the licensees had permitted "lewd dances in the nude" in its licensed premises on 13 specified dates in 1961 and 1962, and had also permitted solicitation for prostitution in its licensed premises on six of those dates. The licensees instituted administrative review proceedings in the circuit court of Cook County in which they prayed that the orders revoking their licenses be reversed. The circuit court denied the relief prayed, and the licensees have appealed directly to this court. The cases have been consolidated.

The licensees do not question the sufficiency of the evi-

dence heard by the Commission to support its findings, nor do they question that those findings establish violations of law which justify revocation. They were charged before the Commission with violation of Rule 3 of the Commission, and both in the trial court and in this court they have challenged the constitutionality of that Rule.

Paragraph 1 of Rule 3 provides that no licensee shall "in the conduct of the licensed business or upon the licensed premises" violate or permit the violation of "any law of the State of Illinois;" or of any municipal "or county ordinance or resolution regulating the sale of alcoholic liquors." Paragraph 2 provides for revocation or suspension of a license for violation of the rule. Paragraph 3 of the rule provides that a violation "may be proved by evidence that the licensee has been convicted of a violation of the law of the State of Illinois in the conduct of the licensed business or upon the licensed premises," or has been found guilty of violating any municipal or county ordinance or resolution regulating the sale of alcoholic liquors. Paragraph 4 of the rule provides that evidence that any person other than the licensee has been convicted of violating a statute, or an ordinance or resolution regulating the sale of alcoholic liquors, while upon the licensed premises, "shall be *prima facie* evidence of violation of this rule." Paragraph 5 is as follows: "Proof before this Commission of facts which establish a violation of any State statute, city, village, town or county ordinance or resolution or rule of this Commission, shall be sufficient cause for revocation or suspension of any license by the Commission, irrespective of whether or not a conviction has been obtained in any Court."

The initial attack upon the validity of Rule 3 is that it violates article III of the constitution of Illinois in that it commits to the Commission the determination of "what acts or facts constitute a violation of law" which is said to be an exercise of judicial power. But article III of the constitution has not been interpreted so rigidly as to preclude the possi-

bility of administrative adjudication. This court has held that "An administrative officer empowered to issue and revoke licenses to engage in a business or profession necessarily exercises quasi-judicial powers in determining whether a license should be issued or revoked, but such exercise of power is incidental to the duty of administering the law and does not constitute the exercise of judicial power within the prohibition of the constitution." *Department of Finance* v. *Gandolfi,* 375 Ill. 237, 240.

The basic grievance of the licensees appears to be that on two of the 13 dates specified in the findings of the Commission, their employees had been arrested and "charged with violations of law substantially as set forth" in the revocation proceedings. On both of these occasions the employees were found not guilty. On this ground the licensees argue that revocation of their licenses was barred by collateral estoppel. And because they interpret paragraph 5 of Rule 3 as requiring the Commission to disregard a prior judgment of acquittal, they assert the invalidity of that paragraph of the rule.

We do not find it necessary, upon this record, to decide the question that the licensees seek to raise as to the validity of paragraph 5 of Rule 3. For even if we assume that their position is correct, and that the Commission is bound by the two prior judgments of acquittal upon which they rely, the propriety of the revocation and the correctness of the judgment of the circuit court in this case would not be affected. As to each licensee, the Commission's findings on 11 of the 13 allegations of lewd conduct on the licensed premises, as well as its findings of solicitation for prostitution on six occasions, would remain unchallenged. And those unchallenged findings are adequate to sustain the orders of revocation.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*