Jerry Martin Vavrys, d/b/a Martins Warren Park Club, Plaintiff-Appellant, v. Illinois Liquor Control Commission, Howard S. Cartwright, Chairman, Defendant-Appellee.

Gen. No. 51,858.

First District, First Division.

March 4, 1968.

Rehearing denied April 4, 1968.

Gerald B. Mullin, of Chicago, for appellant.

William G. Clark, Attorney General of the State of Illinois, of Chicago (Richard A. Michael and Robert F.

Nix, Assistant Attorneys General, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Jerry Martin Vavrys, doing business as Martins Warren Park Club, filed a statutory action in the Circuit Court under the Administrative Review Act (Ill Rev Stats 1963, c 110, §§ 264–279) on June 22, 1966, to review the administrative order of the defendant, Liquor Control Commission, which revoked the plaintiff's previously issued liquor license. The court affirmed the order of the Commission and this appeal followed.

The citation served upon plaintiff alleged two violations:

> (1) That on February 19, 1966, the licensee, or his agents, did permit solicitation for drinks which is in violation of the Cicero Code of Ordinance, Section 4–20, which solicitation was made by females.

> (2) That alcoholic beverages were sold on the licensed premises on February 19, 1966, and February 21, 1966, which sales were made without a proper current State License.

After a hearing the Commission entered an order revoking the plaintiff's liquor license. The order recited, inter alia, findings made by the commission:

> That the evidence introduced before the Commission at said hearing supported the allegations contained in the Citation against the respondent licensee.

Initially, the plaintiff contends that the order of the Commission revoking plaintiff's liquor license is void in that the Commission failed to make findings of fact to support its administrative determination, thereby denying plaintiff proper review of the administrative order in

the courts. Plaintiff concedes that the Liquor Control Act, in granting the Liquor Control Commission authority to hold hearings for the purpose of determining whether to revoke a license, is silent on the requirement of the Commission making a finding of fact. However, he contends that since the Act does require, prior to the revocation of a license, a "determination . . . that a licensee has violated any provision of this Act or any rule or regulation issued pursuant thereto . . ." (Ill Rev Stats 1965, c 43, § 108) a finding of fact is required, because without one the courts can only surmise about the nature of the Commission's "determination."

■ There is much merit to plaintiff's contention. It would seem to us that the Commission would have been more helpful had it made explicit findings, however, we will not reverse for that omission. We have found no cases, nor has any case been presented to us, wherein a failure to make "express findings" by the Illinois Liquor Control Commission requires a reversal of the Commission's administrative decision to revoke a liquor license. The cases of Rockwell Lime Co. v. Illinois Commerce Commission, 373 Ill 309, 26 NE2d 99, Chicago Rys. Co. v. Commerce Commission ex rel. Chicago Motor Coach Co., 336 Ill 51, 167 NE 840, and Kewanee & G. Ry. Co. v. Commerce Commission, 340 Ill 266, 172 NE 706, cited by plaintiff are governed by an Act that requires "express findings" and are, therefore, inapplicable. The Commission, in the case at bar, plainly made a determination in consonance with the requirements of the Liquor Control Act. While the Illinois Supreme Court has stated that the absence of express findings of fact weakens the force of an administrative agency's determination (Maywood Park Trotting Ass'n v. Illinois Harness Racing Commission, 15 Ill2d 559, 155 NE2d 626) that case did not hold that the absence of said findings requires reversal.

453

The plaintiff next contends that the first allegation in the Citation alleging a violation of a local Cicero Ordinance renders the order unenforceable because the ordinance was repealed unconditionally while the instant cause was pending on appeal. He further contends that the finding of the Commission in regard to the second allegation in the Citation was unsupported by substantial evidence in the record. We shall address ourselves to the second contention because we have concluded that it is determinative of this appeal.

The hearing before the Liquor Control Commission took place on May 3, 1966. At the hearing, Sergeant Kenneth Alexander of the State's Attorney's police, testified that he went into plaintiff's tavern at 11:00 p. m. on February 19, 1966. He sat down alone at the bar and ordered a bottle of Schlitz beer. After Alexander had been served, a girl seated herself next to him and she and the bartender "almost simultaneously" asked the sergeant if he would buy her a drink and he said that he would. The bartender then poured a "dark liquid" into a shot glass in front of the girl and took $1.20 from Alexander, placing it in the cash register. The girl seated next to Alexander then left, another girl sat down, and the same procedure was repeated. Alexander, with the aid of other officers who were also present in the tavern at that time, proceeded to arrest the girls who had solicited drinks, the bartender and plaintiff's father, the owner of the building in which the tavern was located, who was present in the tavern that evening.

Plaintiff testified that his father was the former licensee and that he leased the building from him. Plaintiff was arrested on February 21, 1966, and he testified that neither at that time nor on February 19th, did he possess a valid liquor license. He further testified, however, that by February 19th, the forms and money had already been sent in for the purpose of renewing the license.

454

The Illinois Liquor Control Act provides that a license may be revoked upon the Commission's determination that any provision of the Act has been violated. The Act makes illegal the distribution or sale of alcoholic liquor ". . . at any place within the State without having first obtained a valid license so to do under the provisions of this Act . . ." (Ill Rev Stats 1965, c 43, § 183.) Thus, if the Citation's allegation that alcoholic beverages were sold on plaintiff's premises without a proper current liquor license can be sustained the order of the Commission revoking plaintiff's license will be upheld. See Cermak Club, Inc. v. Illinois Liquor Control Commission, 30 Ill2d 90, 195 NE2d 178.

■ The findings and conclusions of an administrative agency on questions of fact are deemed prima facie true and correct. (Ill Rev Stats 1963, c 110, par 274.) Unless the findings are against the manifest weight of the evidence or fail to be supported by substantial evidence in the record they will be upheld on review. Show of Shows, Inc. v. Illinois Liquor Control Commission, 86 Ill App2d 109, 230 NE2d 268; Nechi v. Daley, 40 Ill App2d 326, 188 NE2d 243; Bruce v. Department of Registration and Education, 26 Ill2d 612, 187 NE2d 711.

■ The plaintiff admitted at the hearing that he did not possess a valid license on either February 19th, or on February 21st. It was this violation of law that was alleged in the Citation and which the Commission found to be supported by the evidence. In our opinion the finding of the Commission is not against the manifest weight of the evidence, and indeed, is established by the evidence.

■ Plaintiff contends, however, that there must be some evidence in the record of the alcoholic content of the beverage alleged to be sold since the provisions of the Liquor Control Act do not apply ". . . to any liquid or solid containing one-half of one percent, or less, of alcohol by volume." (Ill Rev Stats 1965, c 43, § 95.05.)

We have examined the record and do not find that plaintiff made this particular argument either before the Commission or the Circuit Court, and therefore, this issue cannot be raised here for the first time.

Our conclusion herein stated is sufficient to dispose of the case before us, and precludes our consideration of the other issues raised on this appeal. The judgment of the Circuit Court affirming the order of revocation of the Liquor Control Commission is correct, and is accordingly affirmed.

Judgment affirmed.

ADESKO and MURPHY, JJ., concur.