IRVING'S PHARMACY *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF
REGISTRATION AND EDUCATION, Defendant-Appellee.

First District (4th Division)  No. 77-1365

Opinion filed August 23, 1979.

Bernard B. Brody and Wayne B. Giampietro, both of Chicago (Ligtenberg, DeJong, Poltrock & Giampietro, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (George W. Lindbert and Patricia Rosen, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs-appellants, Irving's Pharmacy and Irv's #2 Pharmacy, bring this appeal from an administrative review decision of the circuit court of Cook County sustaining the ruling of defendant-appellee, the Department of Registration and Education (Department), which revoked plaintiffs' licenses to dispense controlled substances. We affirm.

Pursuant to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1305(b)), on July 29, 1976, Ronald E. Stackler, the director of the Department, issued an order suspending plaintiffs' licenses to dispense controlled substances, pending a hearing. The director charged plaintiffs with the failure to exercise good faith in the dispensing of controlled substances. A hearing was to be set within the statutory time period of 14 days. On July 30, 1976, plaintiffs were served with the order, notice, complaint, and petition. On that same day, the director appointed Paul Levenfeld as the hearing officer. On July 31, 1976, plaintiffs received notice of the hearing set for August 10, 1976.

In its complaint, the Department challenged the number of prescriptions filled by the two pharmacies for controlled substances. These prescriptions were issued by Dr. Gerald McCabe. At the hearing, both parties entered into a stipulation regarding the total number of prescriptions concerned. From January 1, 1976, to June 1, 1976, plaintiffs filled approximately 7,208 prescriptions for controlled substances which were written by Dr. McCabe. The hearing officer took judicial notice that plaintiffs also filled a large amount of prescriptions for uncontrolled substances.

The record reveals that from May 14, 1976, to June 1, 1976, Irv's #2 Pharmacy dispensed a total of 675 tablets to one individual. Each prescription was for 75 tablets of one-half grain morphine sulfate, a controlled substance. During the same period, the same pharmacy filled eight separate prescriptions, each for 75 tablets containing 4 milligrams of the controlled substance, Dilaudid, for one individual totaling 670 tablets. During this period, Irv's #2 Pharmacy filled five prescriptions for an individual for 75 milligrams each of the controlled substance, Preludin, totaling 200 tablets. From May 14, 1976, to June 1, 1976, the two

pharmacies filled 12 separate prescriptions for 75 tablets of one-half grain morphine sulfate, for the same person, for a total of 900 tablets. At times, two prescriptions for the same or different controlled substances were filled on the same day for the same individual.

At the hearing, plaintiffs and the Department had several witnesses testify. Plaintiffs' expert witnesses included Norman Farnsworth, a professor of pharmacognosy at the University of Illinois Medical Center; Philippe S. Beniot, a professor of pharmacology at the University of Illinois Medical Center, and Dr. Leonard C. Arnold, a physician and attorney. The Department's expert witnesses included Lawrence Slotnik, who practiced pharmacy from 1948 to 1952 and is now the drug compliance coordinator of the Department of Registration and Education, Marvin Graber, who has practiced pharmacy since 1948, and Sherwood Thomas, a practicing pharmacist since 1950. In summary, in the opinion of plaintiffs' expert witnesses, the amounts of controlled substance prescriptions filled by the two pharmacies were not excessive; and in the opinion of the Department's expert witnesses, the amounts of controlled substances dispensed were excessive for the frequency of refills during the indicated time periods. According to plaintiffs' witnesses, several factors should be considered to determine whether a proper dosage of a drug is being dispensed, e.g., age, weight, and sex of the individual. Also to be considered are any tolerance that has been built up for the drug, condition of the individual with respect to his physiology or pathology and metabolic rate, and the effects any one drug may have on the prior or concurrent administration of another drug.

Following the conclusion of the hearing, the hearing officer filed his findings of fact and conclusions of law. He recommended that the Department revoke the licenses of the two pharmacies based on the following findings:

"(1) The number and amounts of drugs as alleged in the complaint had been purchased and dispensed, as alleged in the complaint.
(2) The witnesses who testified on behalf of the Department had testified that the amounts and frequencies of drugs dispensed by the pharmacies as set forth in Department's [Group] Exhibit 8—A through 8—J were excessive and abnormal.
(3) The testimony of the witnesses submitted by the pharmacies did not refute the testimony of the Department's witnesses. Their testimony that they would have to know the individual involved, examine him, and be acquainted with his past medical history made their testimony, in effect, of little or no value, and could not be accepted in determining the issue of whether the pharmacies had acted properly.
(4) The burden of going forward with evidence to justify the

pharmacies' conduct was on the pharmacies and they did not meet that burden. They could have met this burden by introducing the testimony of the individuals for whom the prescriptions had been filled, or by testifying themselves.

(5) The evidence shows that there was a violation of Chapter 56½ Illinois Revised Statutes §1102(w)."

On December 9, 1976, the director of the Department entered a written order revoking the licenses of the pharmacies to dispense controlled substances. Plaintiffs' petition for rehearing was denied, and they filed suit for administrative review in the circuit court of Cook County. The trial judge found the decision of the Department was supported by the evidence and in accordance with the law.

The issues plaintiffs have asked us to consider are (1) whether the charges and findings of the Department were so vague and unsatisfactory as to deny plaintiffs due process of law; (2) whether the Department failed to hold a hearing within the mandatory time limitations imposed by statute after having suspended plaintiffs' licenses to dispense controlled substances *ex parte* and without any notice or hearing, due to an alleged emergency; and (3) whether the decision of the Department is against the manifest weight of the evidence.

We will discuss the first issue in two parts: First, whether the charges were too vague; and second, whether the findings of the Department were too vague. Regarding the charges, plaintiffs urge that the Department failed to adequately inform them of the charges they were called upon to meet. The Department argues that the pharmacies were reasonably apprised of the charges against them, and we agree.

■■ In administrative proceedings, charges need not be presented with the same refinements and selectivity as pleadings in a court of record. (*Graves v. Illinois Liquor Control Com.* (1977), 55 Ill. App. 3d 888, 890, 371 N.E.2d 368, 370.) They must, however, be drawn sufficiently so that the defendant is reasonably apprised of the case against him so he can intelligently prepare his defense. *Schyman v. Department of Registration & Education* (1956), 9 Ill. App. 2d 504, 510, 133 N.E.2d 551, 554.

The complaint filed by the Department enumerated 7,208 prescriptions for controlled substances that had been issued in inordinately large amounts. The complaint noted that the prescriptions were written by Dr. McCabe from January 1, 1976, to June 1, 1976, and that many of the prescriptions were issued at short intervals of time for the same individuals. Further, the pharmacies were charged with the failure to exercise good faith as defined by statute (Ill. Rev. Stat. 1975, ch. 56½, par. 1102(a) *et seq.*). The plaintiffs received a notice which stated, in part:

"You are hereby notified and advised that these charges and this

hearing may result in action being taken by the Department of Registration and Education which may result in the suspension or revocation of your licensing authority to practice the profession which may be an important means of your livelihood."

■■ In our opinion, the pharmacies were sufficiently informed of the charges they would have to defend. They were made aware of the statute they had allegedly violated; they knew the number of prescriptions in question and the person who had written them; and they were told the possible action which could be taken against them.

We now turn to the question of whether the findings of the Department were sufficient. According to plaintiffs, we should reverse the instant case because the findings of fact made by the hearing officer were vague and ambiguous. This argument is without merit.

The Illinois Supreme Court has ruled that the absence of express findings of fact weakens the force of an administrative agency's determination (*Maywood Park Trotting Association, Inc. v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 563, 155 N.E.2d 626, 628), but even the absence of those findings do not require reversal. *Vavrys v. Illinois Liquor Control Com.* (1968), 92 Ill. App. 2d 451, 453, 236 N.E.2d 241, 242.

The applicable statute (Ill. Rev. Stat. 1977, ch. 127, par. 60(6)) does not require that the Department make findings of fact. Section 60(6) states that the Department can:

"Conduct hearings on proceedings to revoke, suspend, refuse to renew, place on probationary status, or take other disciplinary action as may be authorized in any licensing Act administered by the Department with regard to licenses, certificates or authorities of persons exercising the respective professions, trades or occupations, and to revoke, suspend, refuse to renew, place on probationary status, or take other disciplinary action as may be authorized in any licensing Act administered by the Department with regard to such licenses, certificates or authorities; * * *."

The cases of *Chicago Junction Ry. Co. v. Illinois Commerce Com.* (1952), 412 Ill. 579, 107 N.E.2d 758, *Illinois Central R.R. Co. v. Illinois Commerce Com.* (1952), 411 Ill. 526, 104 N.E.2d 796, and *Blair v. Zoning Board of Appeals* (1967), 84 Ill. App. 2d 159, 228 N.E.2d 555, cited by plaintiffs, are governed by acts that require findings of fact and are, therefore, inapplicable.

Therefore, we need not reach the question of whether the findings of the Department were so vague and unsatisfactory as to deny plaintiffs due process of law, since no findings of fact were required.

The second issue is whether the Department failed to hold a hearing within the mandatory time limitations imposed by statute after having

suspended plaintiffs' licenses to dispense controlled substances *ex parte* and without any notice or hearing, due to an alleged emergency.

Plaintiffs argue that the proceedings in the instant case are void because the Department failed to follow the specific dictates of the statute. The order which prompted the suspension was entered pursuant to section 305(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1305(b)), which provides:

> "If the Department of Registration and Education finds that there is an imminent danger to the public health or safety by the continued manufacture, distribution or dispensing of controlled substances by the registrant, the Department of Registration and Education may, upon the issuance of a written ruling stating the reasons for such finding and without notice or hearing, suspend such registrant. The suspension shall continue in effect for not more than 14 days during which time the registrant shall be given an opportunity to be heard. If after the hearing the Department of Registration and Education finds that the public health or safety requires the suspension to remain in effect it shall so remain until the ruling is terminated by its own terms or subsequent ruling or is dissolved by a court of competent jurisdiction upon determination that the suspension was wholly without basis in fact and law."

■■ ■ In the instant case, the suspension occurred on July 29, 1976; the administrative hearing began on August 10, 1976, and the Department concluded its evidence on August 17, 1976. Plaintiffs argue that while the hearing, itself, commenced within the 14-day period, required by statute, the pharmacies were not given an opportunity to be heard within that time because the Department did not conclude its case until 19 days after the suspension began. We cannot agree with plaintiffs, since the hearing was begun within the statutory time period. We interpret the wording of the statute that the registrant shall be given an opportunity to be heard within 14 days to mean that the hearing must commence within 14 days. This does not mean the hearing must necessarily end before that period. Any other conclusion would nullify such an administrative proceeding anytime the hearing lasted longer than the number of days within which the hearing should be commenced. See *Hardaway v. Civil Service Com.* (1977), 52 Ill. App. 3d 494, 497, 367 N.E.2d 778, 780.

■■ Plaintiffs further argue that the proceedings are void because the suspension of the pharmacies' licenses ran longer than 14 days. The statute states that a suspension is to remain in effect until the ruling of the Department is terminated by its own terms or subsequent ruling, or is dissolved by a court of competent jurisdiction. Neither of these contingencies occurred.

Therefore, we hold plaintiffs' licenses were suspended in compliance with the requirements of the statute.

The third issue is whether the decision of the Department is against the manifest weight of the evidence. According to statute (Ill. Rev. Stat. 1975, ch. 110, par. 274), the findings and conclusions of an administrative agency are *prima facie* true and correct. Those findings will be upheld on review unless they are against the manifest weight of the evidence or fail to be supported by substantial evidence in the record. (*Vavrys v. Illinois Liquor Control Com.* (1968), 92 Ill. App. 2d 451, 455, 236 N.E.2d 241, 243.) In order to reverse an administrative decision, it is required that a reviewing court find that an opposite conclusion was clearly evident. (*Wolbach v. Zoning Board of Appeals* (1967), 82 Ill. App. 2d 288, 296, 226 N.E.2d 679, 683.) A reviewing court will neither substitute its judgment for that of the administrative agency, nor overturn administrative findings unless they are without substantial foundation in the record. *Bayer v. Zoning Board of Appeals* (1970), 126 Ill. App. 2d 374, 377, 261 N.E.2d 791, 792.

■■ We have examined the testimony of the expert witnesses of both parties. We find the evidence adduced at the administrative hearing supported the decision of the Department. We hold that the findings of the Department were based on substantial evidence in the record and are not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P. J., and ROMITI, J., concur.