ROBERT G. LYON, Plaintiff-Appellee, v. THE DEPARTMENT OF PRO-FESSIONAL REGULATION, Defendant-Appellant.

First District (1st Division)  No. 1—89—2711

Opinion filed November 16, 1992.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, of Chicago, of counsel), for appellant.

Albert Koretzky, of Chicago, for appellee.

JUSTICE MANNING delivered the opinion of the court:

Defendant, Illinois Department of Professional Regulation (the Department), appeals from an order of the trial court wherein the court reversed the order of the Illinois Architect Examining Committee and granted plaintiff's motion to dismiss an administrative complaint filed against him. On appeal, defendant argues that the trial court applied an improper standard and that its decision was against the manifest weight of the evidence.

Plaintiff, Robert Lyons, was licensed in Illinois as an architect and operated a corporation Robert Lyon Associates, Inc., Architects/Design Group. About August or September 1986, plaintiff prepared drawing plans at his corporate office in Illinois for his client, Jaymar/Sansabelt in Indiana. The plans provided for interior decorative changes, carpeting and a modification of the ceiling for the client's retail store. Plaintiff testified that at the time he prepared these plans he was aware that the plans would possibly be utilized in Mississippi, but was not aware of whether the store would be built there. Plaintiff further testified that when his plans are submitted to clients he is not always aware of where the plans will be utilized.

On September 9, 1986, plaintiff mailed his final plans to Jaymar/Sansabelt. On September 11, 1986, he received a letter from Andrew Kilpatrick, general counsel for the Mississippi Board of Architecture (Board), concerning the plans. Kilpatrick's letter advised plaintiff that the title block on the plans identified plaintiff and his corporation as the drafter, and that the Board planned to pursue an injunction of the Mississippi project because plaintiff was not licensed as an architect in Mississippi. Plaintiff had, however, filed an application for licensure.

About August 27, 1987, the Illinois Department of Professional Regulation filed a two-count complaint against plaintiff. Count I alleged that plaintiff had engaged in the unlicensed practice of architecture in Mississippi, in violation of section 73—1—1 of the Mississippi Code of 1972, and that plaintiff's actions were therefore in violation of section 13 of the Illinois Architecture Act (Ill. Rev. Stat. 1983, ch.

111, par. 1218(c)) and title 68, chapter 7, section 1150.90(f) of the Illinois Administrative Code of 1985 (formerly section 150.83(f)). Count II alleged that plaintiff made false representations in his application filed with the Mississippi Board of Architects. Specifically, defendant claimed that plaintiff had provided architectural services for the Jaymar/Sansabelt store in Ridgeland, Mississippi, and that neither he nor his corporation was licensed or authorized to practice architecture in Mississippi. The complaint further alleged that plaintiff made misrepresentations on his application for a Mississippi architectural license. Defendant maintained that these actions violated sections 13(c) and (f) (Ill. Rev. Stat. 1983, ch. 111, pars. 1218(c),(f)).

On September 8, 1987, plaintiff filed a motion to dismiss. Plaintiff asserted that the defendant did not have jurisdiction of the matter because count I of the complaint was limited to plaintiff's conduct of his architectural practice in the State of Mississippi, and that count II failed to include facts showing that plaintiff did anything improper in obtaining a certificate of registration as an architect in Illinois.

On September 14, 1987, counsel for plaintiff and defendant appeared at a preliminary hearing before hearing officer Chiola. At the time of the hearing, plaintiff's motion to dismiss was pending. After questioning counsel for both parties regarding the distinction between sections 13(c) and (f), hearing officer Chiola concluded that count I of the complaint exceeded the bounds of defendant's authority to bring the action. The hearing officer ruled that the entire complaint be dismissed as a matter of law.

On October 14, 1987, defendant filed a motion to reconsider the hearing officer's ruling and plaintiff filed a memorandum in opposition to the motion. On November 5, 1987, the Architect Examining Committee entered an order finding that defendant's complaint stated a cause of action against plaintiff and set a status hearing for November 30, 1987. On November 30, 1987, a formal evidentiary hearing was scheduled for January 5, 1988, and continued until March 10, 1988.

At the evidentiary hearing on March 10, 1988, attorney Andrew Kilpatrick testified for defendant. He stated that in September 1986 he was employed as general counsel for the Mississippi State Board of Architecture. About the first week of September 1986 he was advised by the Secretary of the Board that plaintiff's plans had been submitted to the City of Ridgeland, that a permit had been issued, that the construction was 95% completed and that plaintiff was not registered as an architect in Mississippi. Kilpatrick also received a title block

from the Board's Secretary. He did not match the title block with the actual plans that were submitted within the State of Mississippi.

Kilpatrick sent a letter to plaintiff on September 10, 1986, and plaintiff called him the next day. Plaintiff advised Kilpatrick that he intended to immediately respond to his letter and that he did not want the project delayed. Kilpatrick advised plaintiff that he would need a written response before he could present anything to the Board. He received a written response from plaintiff the following day. Kilpatrick stated that plaintiff did not deny filling out the title block.

On April 4, 1988, plaintiff testified at the evidentiary hearing. He stated that he prepared and submitted plans for his client Jaymar Sansabelt, in Michigan City, Indiana. The plans involved the interior structure of a retail store, including carpet, a doorway and a ceiling. Plaintiff testified that everything he did for his client was submitted to Michigan City, Indiana. He testified that he never sent the plans to Mississippi or practiced architecture in Mississippi.

On June 26, 1988, the committee made findings of fact, conclusions of law and recommended to the Director that plaintiff's certificate of registration be suspended for one year and that 11 months of the suspension be stayed. The committee further recommended that plaintiff be placed on probation for the balance of the suspension period.

Plaintiff filed a timely motion for rehearing, which motion was denied. Plaintiff then filed for review of the committee's order in the circuit court of Cook County. The court reversed the committee's order, holding that to the extent the committee's decision was a legal conclusion, it was incorrect. Alternatively, the court held that if the committee's decision was a factual one, it was against the manifest weight of the evidence as there were no specific findings that would lead to the conclusion that plaintiff's action constituted the practice of architecture. The Department's motion for reconsideration was denied, and the Department appealed.

On appeal to this court, defendant maintains that the trial court erred by failing to affirm the factual finding and evidentiary interpretation of the Architect Examining Committee.

The findings and conclusions of an administrative agency are *prima facie* true and correct. (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) Those findings will be upheld on review unless they are against the manifest weight of the evidence or fail to be supported by substantial evidence in the record. (*Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 519 N.E.2d

1151.) A reviewing court will neither substitute its judgment for that of the administrative agency nor overturn administrative findings unless they are without substantial foundation in the record. *Irving's Pharmacy v. Department of Registration & Education* (1979), 75 Ill. App. 3d 652, 394 N.E.2d 627.

█ In this case, the defendant claims that plaintiff violated section 73—1—1 of the Mississippi Code of 1972, sections 13(c) and (e) (Ill. Rev. Stat. 1983, ch. 111, pars. 1218(c), (e)), and section 1150.90(f) of the Administrative Code (68 Ill. Adm. Code §1150.90(f) (1985)). The record does not support this assertion. The record does not contain a copy of the Mississippi statute that defines the practice of architecture, nor was one produced at trial. Further, there is no evidence of what statute plaintiff violated. However, sections 13(c), (e), and (f) of the Illinois Architecture Act (Ill. Rev. Stat. 1985, ch. 111, par. 1201 *et seq.*) state:

> "The Department of Registration and Education may refuse to issue, to renew, may suspend or may revoke any certificate of registration for any one or any combination of the following causes:
>
> * * *
>
> (c) violation of a rule or regulation of the Department governing professional conduct;
> ***
> (e) false or fraudulent representation in obtaining a certificate of registration as an architect;
>
> (f) conviction in this or another State of any crime which is a felony under the laws of this State or conviction of a felony in a federal court, if the Department determines, after investigation, that such person has not been sufficiently rehabilitated to warrant the public trust." (Ill. Rev. Stat. 1985, ch. 111, par. 1218.)

Section 1150.90(f) of title 68 of the Standards of Professional Conduct states that "[a]n architect shall not, in the conduct of his architectural practice, knowingly violate any state or federal law." 68 Ill. Adm. Code §1150.90(f) (1985).

█ The evidence adduced at the hearing supported the trial court's decision. The only physical evidence introduced to show that plaintiff practiced architecture in Mississippi was a photocopy of the title block of the drawings which contained plaintiff's name and the name of his corporation. Plaintiff testified that he never submitted his drawing plans to anyone in Mississippi, and that on the same day the final drawings were submitted to his client in Indiana, he received no-

tice that his preliminary plans had been sent for a project in Ridgeland, Mississippi.

Although attorney Kilpatrick testified that plaintiff knowingly submitted the plans in Mississippi without being licensed, a careful review of the record does not support this contention. Plaintiff testified that he submitted the plans to his client Jaymar in Indiana knowing that they possibly would be used in Mississippi. Jaymar, in turn, submitted the plans to the City of Ridgeland, Mississippi. Further, while the Illinois Architecture Examining Committee found that plaintiff's act of supplying plans for the project in Mississippi was a violation of 68 Ill. Adm. Code section 1150.90(f) (1985), we do not find the evidence supports this finding.

Section 1150.90(f) states that "[a]n architect shall not, in the conduct of his architectural practice, knowingly violate any state or federal law." (68 Ill. Adm. Code §1150.90(f) (1985).) There is no evidence in the record that plaintiff was charged by Mississippi or convicted in that State for violation of any law. The charges here were brought against plaintiff by the Illinois Department of Registration and Education, not the State of Mississippi. Further, there are no specific facts cited in the record that would support the application of section 1150.90(f), which addresses certification as an architect in Illinois by false or fraudulent means. Moreover, the Illinois Architecture Act governs "construction documents intended for use in construction in the State of Illinois" (Ill. Rev. Stat. 1985, ch. 111, par. 1205), not Mississippi. Therefore, section 1150.90(f) is not applicable.

We, therefore, find that the trial court properly determined that the committee's order suspending plaintiff's license was against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.