ROBERT HERMAN CHURCH, Plaintiff-Appellee, v. THE STATE OF IL-
LINOIS, acting through the Department of Professional Regulation *et al.*,
Defendants-Appellants.

Fourth District   No. 4—92—0984

Argued September 27, 1993.—Opinion filed November 15, 1993.

COOK, J., dissenting.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General (argued), of Chicago, of counsel), for appellants.

Jerry Tice (argued), of Grosboll, Becker, Tice & Smith, of Petersburg, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The Department of Professional Regulation (Department) appeals the order of the circuit court of Menard County which, on administrative review, reversed the Department's denial of the plaintiff's application for a private alarm contractor's license. The circuit court also ordered the Director of the Department to issue the plaintiff a license.

There is little dispute over the facts. On April 4, 1988, the plaintiff acquired a private alarm contracting business, Menard County Alarm Services, and began operating it on a part-time basis. On May 8, 1991, the plaintiff was informed he needed a license from the Private Detective, Private Alarm, Private Security Board (Board) to engage in the private alarm contracting business.

On May 31, 1991, the plaintiff applied for a license. The initial application was characterized as an application to obtain a license through the "nonexamination" method. After the first denial the Board characterized the application as one to sit for the examination. This difference in characterization is irrelevant to this case because the experience requirement in dispute is a threshold requirement for *either* application. Ill. Rev. Stat. 1991, ch. 111, par. 2664(c)(12).

At the July 17, 1991, meeting of the the Board, it recommended the plaintiff's application be denied. This recommendation was approved by the Director of the Department on July 23, 1991.

On September 4, 1991, the plaintiff submitted additional written information to the Board. This information included references to the plaintiff's 18 years' experience as a police officer. This included 50 different thefts or burglaries plaintiff investigated or assisted in investi-

gating. Plaintiff also emphasized his police training. This training included the following classes and seminars: field sobriety testing, mandatory firearms training, shooting decisions training, police traffic radar certification, use of force/civil liability, legal aspects of deadly force and night firearms, operation scams seminar, domestic violence, criminal law, law for police, interview and interrogation, and an in-service refresher.

At its September 12, 1991, meeting, the Board reconsidered the plaintiff's application. The Board once again recommended this application be denied. The Director accepted this recommendation on September 23, 1991. The plaintiff was notified his application was denied because he failed to satisfy the minimum experience requirements. The plaintiff was also notified of his right to judicial review of the decision.

On October 25, 1991, the plaintiff filed a complaint for administrative review in the circuit court of Menard County (No. 91—MR—6). On April 22, 1992, the circuit court entered an order directing the Board to reconsider the plaintiff's application and inform the plaintiff of any informal standards being used. If the Board denied the plaintiff's application, the Board was ordered to provide reasons for the denial.

On May 13, 1992, the Board reconsidered the plaintiff's application. The Board recommended the plaintiff's application again be denied. Once again, this action was taken at a meeting of the Board and not after a hearing. This recommendation was approved by the Director of the Department on June 22, 1992. In response to the April 22, 1992, court order, the Board gave the following reasons for its denial of the plaintiff's application.

"1. The intent of subparagraph (c) of this section is to allow an applicant with the minimum allowable amount of experience in the private alarm contracting field that was acquired from other than an Illinois licensed private alarm contractor agency to qualify for the licensure examination.

2. The statute sets minimum experience for private alarm contractor agency employees to qualify for the licensure examination and all other candidates have been held to the same minimum standard.

3. The applicant's experience is primarily in the area of law enforcement, not private alarm contracting. A law enforcement background may qualify an individual for examination in the private detective or private security contractor fields, but does not provide any experience in the private alarm contracting

field and, therefore, cannot be counted as experience in the alarm field. The Board does not feel the amount of alarm experience offered by Mr. Church demonstrates an acceptable level of expertise to qualify to sit for the examination."

After receiving notification of the Board's action the plaintiff filed a two-count complaint in the circuit court of Menard County (No. 92–MR–7). In his complaint the plaintiff sought reversal of the Board's determination he did not meet the experience requirements. The complaint also requested the court to order the Director to issue a private alarm contractor license to the plaintiff.

On November 4, 1992, the circuit court reversed the Board's determination the plaintiff did not meet the experience requirements. The circuit court also ordered the Director to issue the plaintiff a private alarm contractor license.

The two issues on appeal are whether (1) the Department's denial of the plaintiff's application for a private alarm contractor's license was arbitrary or capricious, or against the manifest weight of the evidence; and (2) the court exceeded its authority on administrative review by ordering the Department to issue a license to the plaintiff.

The Private Detective, Private Alarm, and Private Security Act of 1983 (Act) (Ill. Rev. Stat. 1991, ch. 111, par. 2651 *et seq.*) requires anyone who engages in the private alarm contracting business to obtain a license from the Department. (See Ill. Rev. Stat. 1991, ch. 111, par. 2654.) The Act also sets forth several requirements for obtaining a private alarm contractor's license. One of these requirements sets a certain level of experience for those wishing to obtain a license. Sections 14(c)(11)(B) and (c)(11)(C) of the Act state:

"(B) As of January 1, 1988, all persons applying for licensure under the provisions of Section 14(c) of this Act shall have a minimum of 3 years [of] experience out of the 5 years immediately preceding his application as a full-time supervisor, manager or administrator for an agency licensed in the State of Illinois as a private alarm contractor agency, or meet Departmental standards established pursuant to subparagraph (C) of this paragraph (11).

(C) If an applicant does not meet the experience requirements of subparagraphs (A) or (B) of this paragraph (11) such applicant may be issued a license upon recommendation of the Board and approval by the Director if in the judgment of the Board he satisfies standards of competence and experience for persons not having experience with a private alarm contractor agency."

Ill. Rev. Stat. 1991, ch. 111, pars. 2664(c)(11)(B), (c)(11)(C).

It is undisputed the plaintiff does not meet the requirements set forth in section 14(c)(11)(B) of the Act. The question presented to this court concerns the application of section 14(c)(11)(C) of the Act.

The standard of review of an administrative agency's decision is governed by the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*). This act limits the review of administrative decisions and provides the "findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." Ill. Rev. Stat. 1991, ch. 110, par. 3—110.

In response to this the plaintiff states a reviewing court is not bound by the Department's decision, since there are no facts in dispute and, as a general rule, in such circumstances, the legal effect of those facts becomes a matter of law and the reviewing court is not bound by the administrative decision. *Lindsey v. Edgar* (1984), 129 Ill. App. 3d 718, 473 N.E.2d 92.

On the other hand, on administrative review, a reviewing court will not interfere with an agency's exercise of its discretionary power, unless its discretion is exercised in an arbitrary or capricious manner. *Fitzpatrick v. Edgar* (1987), 158 Ill. App. 3d 966, 512 N.E.2d 56.

Section 14(c)(11)(C) of the Act grants the Department discretionary authority. This section allows the Board, with the approval of the Director of the Department, to allow an applicant to be licensed even if the applicant does not have the three years' full-time experience with a licensed private alarm contractor agency required in section 14(c)(11)(B) of the Act. The Board can allow such an applicant to be licensed if, in its judgment, the applicant has the necessary experience and competence. This section expressly grants the Department the authority to use its judgment in determining if an applicant has the necessary experience or competence to be licensed.

This court is reviewing the Department's exercise of discretionary authority with regard to the plaintiff's experience. Therefore, the applicable level of review is the arbitrary and capricious standard. This is the standard applied to the review of an agency's exercise of its discretionary authority.

While it is impossible to fully outline the boundaries of arbitrary and capricious conduct by administrative agencies, the Illinois Supreme Court has given some guidelines to determine if agency conduct is arbitrary and capricious. "[An] [a]gency action is arbitrary and capricious if the agency: (1) relies on factors which the legislature did not intend for the agency to consider; (2) entirely fails to consider an important aspect of the problem; or (3) offers an explanation ***

which runs counter to the evidence before the agency ***." *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 505-06, 524 N.E.2d 561, 581.

■ Applying these guidelines to the present case, the Department's decision was not arbitrary or capricious. First, the agency did not rely on any factors the legislature did not intend it to consider. The Department considered the length and nature of the plaintiff's experience, including his experience as a law enforcement officer. Clearly, the legislature intended the Department to consider such factors.

Second, the agency did not fail to consider an important aspect of the problem. The Department considered all of the experience presented to it. The only issue before the Department was the plaintiff's experience and competence. The Department fully considered this aspect of the plaintiff's licensing application and found he did not have the experience necessary to obtain a license.

Finally, the reasons given by the agency in support of its decision do not run counter to the evidence before it. The Department considered the plaintiff's 18 years of law enforcement experience. In the Department's judgment this experience did not qualify him to take the examination or to be issued a license. In the Board's judgment, such law enforcement experience does not provide any experience in the private alarm contractor's field. While this statement may be overbroad, it does not run counter to the evidence presented to the Board. For this reason the Department denied the plaintiff's application for licensure.

Determining what is arbitrary and capricious conduct has also been characterized as a question of rationality. (*Greer*, 122 Ill. 2d at 506, 524 N.E.2d at 581.) The reasons given by the Department to support its denial of the plaintiff's application were rational. The Department made the judgment plaintiff's specific law enforcement experience is not related closely enough to the alarm contracting field to confer the required experience and competence. A rational agency could make such a judgment.

In some circumstances a law enforcement background could provide an applicant with experience comparable to the experience gained in the alarm contracting field. The Board's characterization of plaintiff's background as not providing such experience, however, is not arbitrary or capricious and is not against the manifest weight of the evidence.

While we may not agree with the Board's determination, a reviewing court is not to reweigh the evidence. Furthermore, an agen-

cy's decision is not against the manifest weight of the evidence merely because this court would have decided the issue differently. *Wixon v. Edgar* (1991), 215 Ill. App. 3d 490, 495, 574 N.E.2d 1251, 1254.

■ Plaintiff suggests this is not a case where the agency was simply exercising its discretionary authority. The plaintiff argues the Board's interpretation of section 14(c)(11)(C) of the Act is in conflict with the meaning of the statute. The plaintiff rests his position on the first reason given by the Board for its May 13, 1992, recommendation for denial of his application. This reason gives the Board's interpretation of the intent of this section, *i.e.*, to allow applicants who gain experience in the alarm contracting field, but who do not gain this experience from an Illinois licensed private alarm contractor agency, to qualify for the licensure examination.

The Department's interpretation of this section narrows and clarifies what experience it will accept. The Board will accept experience in the field for which the license is sought, the alarm contracting field. The other portions of the Act only allow consideration of the experience gained through a licensed Illinois private alarm contractor agency. The Department's interpretation of this section allows it to consider other experience, as long as it is in the private alarm contracting field. This is what is allowed by section 14(c)(11)(C) of the Act. For this reason, the Department's interpretation of this Act does not make this section of the Act ineffective.

■ The plaintiff also claims the agency failed to make the necessary findings of fact and violated his due-process rights. The defendant responds that absent statutory requirement, an agency is not required to make such findings. (See *Irving's Pharmacy v. Department of Registration & Education* (1979), 75 Ill. App. 3d 652, 394 N.E.2d 627.) The Department, however, was ordered by the circuit court to give reasons for its decision. As stated above, the Department complied with this order and found Church did not meet the experience requirements.

Furthermore, the Department did not violate the due-process rights of Church. The plaintiff argues the Department failed to acknowledge section 14(c)(11)(C) of the Act, and what was required to satisfy that section. As shown above, the Department gave its reasons for denying Church's application. These reasons were consistent with the authority given it by section 14(c)(11)(C) of the Act.

The Department's denial of the plaintiff's application for licensure was a proper exercise of its discretionary authority. Therefore, the circuit court's reversal of the Department's denial of this application

must be reversed and the agency's decision reinstated. In view of our resolution of this issue, we need not address whether the court overstepped its authority when it ordered the Department to issue such a license.

Reversed; Department decision reinstated.

GREEN, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent.

The statute under consideration limits the issuance of a private alarm contractor license to an individual with experience (three years out of the five years immediately preceding his application) "as a full-time supervisor, manager or administrator" of a licensed private alarm contractor. (Ill. Rev. Stat. 1991, ch. 111, par. 2664(c)(11)(B).) This statute is constitutionally suspect. (See *People v. Johnson* (1977), 68 Ill. 2d 441, 450, 369 N.E.2d 898, 903 (apprenticeship requirement in Illinois Plumbing License Law (Ill. Rev. Stat. 1973, ch. 111½, par. 116.36 *et seq.*) conferring upon licensed plumbers monopolistic right to instruct and control entry into trade declared invalid); see also *Schanuel v. Anderson* (7th Cir. 1983), 708 F.2d 316, 319 (professional qualifying tests and qualifications standards must bear a rational relationship to the skills necessary for the job).) The legislature may have hoped to resolve any constitutional infirmity by allowing the licensing of other individuals who, in the judgment of the Board, satisfy "standards of competence and experience." (Ill. Rev. Stat. 1991, ch. 111, par. 2664(c)(11)(C).) The Board and the Director have made it clear in this case, however, that they do not consider anyone without private alarm contractor experience to be qualified. The Board has accordingly refused to exercise the discretion afforded it by section 14(c)(11)(C) of the Act.

During oral argument in this court, the Director argued the license was denied because plaintiff did not have the necessary electrical experience. No such language appears in the Board's decision, however, and it is by no means certain that even an electrical contractor with many years experience would be considered qualified by the Board under section 14(c)(11)(C). According to the Board "all other candidates have been held to the same minimum standard," *i.e.*, the standard set by the statute: experience as a private alarm contractor.

The Act provides that the Department "may" conduct an examination. (Ill. Rev. Stat. 1991, ch. 111, par. 2664(c)(12).) That provision

is not found under section 14(c)(11)(C), and apparently could be applied to any applicant, whether he has private alarm contractor experience or not. The Director refused to issue plaintiff a license under any conditions and did not suggest to the circuit court that she required any examination for those in plaintiff's situation. The Director has twice refused to consider whether plaintiff "satisfies standards of competence and experience." The circuit court was not required to continue to remand the case to the Director indefinitely and properly ordered the Director to grant plaintiff a license. We should affirm.